UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re JPMORGAN CHASE DERIVATIVE LITIGATION | No. 2:13-cv-02414-KJM-EFB<br><br>ORDER |

Responding to the court's order of October 24, 2014, the plaintiffs have submitted a proposed plan of jurisdictional discovery. Mot. Approve Discovery Plan. (Mot.), ECF No. 74. After considering the parties' briefing, Defs.' Opp'n Discovery Plan (Opp'n), ECF No. 78, Reply, ECF No. 80, and arguments presented at the hearing,[1] the court GRANTS the motion in part as described below.

The court's previous order dismissed the plaintiffs' complaint for lack of personal jurisdiction. Order Oct. 24, 2014, ECF No. 69. In their motion to dismiss, the defendants challenged personal jurisdiction on grounds that (1) none of the director defendants is a citizen or resident of California; (2) the board of directors meets in New York, not California; (3) the alleged issuance of residential mortgage-backed securities (RMBS) did not occur in California; (4) the RMBS business was not focused on California; and (5) the actions the plaintiffs allege

---

[1] Because the court held a hearing on this motion and heard arguments from all parties, and granted defendants' request to be represented by veteran counsel at hearing, it does not consider the defendants' proposed Sur-Reply. *See* ECF No. 83-1.

1

were wrongful were not directed at California.  Mot. Dismiss 5–8, ECF No. 48.  Any jurisdictional discovery must be limited to countering these defenses and otherwise showing the defendants are subject to this court's jurisdiction.

The parties shall meet and confer and exhaust efforts to jointly propose a discovery plan to be submitted to the court no later than March 20, 2015.  The court establishes several parameters for any proposed discovery plan:

- Because plaintiffs have not previously established a colorable basis for general personal jurisdiction, any discovery must be limited to facts directed to establishing specific personal jurisdiction.[2]
- Requests that reach beyond the plaintiffs' RMBS theory are improper at this stage.
- JPMorgan, the nominal defendant here, may possess information responsive to appropriate inquiries into its directors' RMBS-related contacts with California.  If a request otherwise conforms to the requirements of this order, the defendants may not decline to respond for no other reason than that it is directed to JPMorgan rather than the individual defendants.
- In its previous order, this court agreed that a plaintiff may satisfy its burden by alleging that "the defendants participated in the harmful plan and that each obtained financial benefits for that participation."  Order Oct. 24, 2014, at 12, ECF No. 69 (citing *Openwave Systems Inc. v. Fuld*, No. 08-5683, 2009 WL 1622164, at *11–12 (N.D. Cal. Jun. 6, 2009)).  In other words, the jurisdictional inquiry tests whether the complaint's allegations "support the conclusion that each defendant participated in actions expressly directed at California, whether individually or as part of a larger plan or strategy." *Id.* at 14.  The plaintiffs' requests may seek production of documents showing the directors either individually or as a part of a larger plan or strategy took actions directed at California that gave rise to the harm alleged in the complaint.

---

[2] This limitation on jurisdictional discovery does not preclude the possibility of an amended pleading asserting general jurisdiction, subject to Federal Rule of Civil Procedure 11.

- The parties' plan may propose the deposition of Anthony Horan, JPMorgan's Corporate Secretary, who submitted a declaration in support of defendants' motion to dismiss. *See* Horan Decl., ECF No. 49.

CONCLUSION

In summary, the court orders as follows:

(1) The plaintiff's motion, ECF No. 74, is GRANTED IN PART as set forth above.

(2) The parties shall meet and confer and file a revised plan no later than March 20, 2015. The court anticipates completed implementation of such plan, including resolution of any related discovery disputes, within ninety days of its approval.

(3) If after a good-faith effort the parties are unable to submit a joint plan, they shall file a joint report, to be filed by March 20, 2015, describing the nature of their disagreement, their efforts to resolve it, and their respective proposed plans.

IT IS SO ORDERED.

DATED: March 3, 2015.

_____
UNITED STATES DISTRICT JUDGE