UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re JPMORGAN CHASE DERIVATIVE LITIGATION. | No. 2:13-cv-02414-KJM-EFB<br><br>ORDER |

In its order granting the defendants' motion to dismiss, the court allowed the plaintiffs to propose a plan for limited jurisdictional discovery. Order Oct. 24, 2014, ECF No. 69. After briefing and a hearing, the parties were ordered to attempt submission of a joint proposal. Order Mar. 3, 2015, ECF No. 88. Unable to reach an agreement, the parties have each submitted a proposed plan, as directed. *See id.* at 3; Joint Report, ECF No. 91. The court has reviewed the parties' submissions and approves the following plan.

First, discovery at this stage is limited to the time period described in the now-dismissed consolidated complaint, 2005 through 2007. *See, e.g.*, Cons. Compl. ¶¶ 116–19, ECF No. 29 (alleging JPMorgan made a "deliberate choice" and "newly aggressive move" to "[e]stablish a greater presence in the RMBS [Residential Mortgage-Backed Securities] market" in 2005); *id.* ¶ 115 (alleging JPMorgan was "heavily involved in the origination, securitization, marketing and sale of RMBS" until 2007); *id.* ¶ 160 (alleging JPMorgan's misconduct occurred "[d]uring the 2005 to 2007 time period"); *id.* Ex. A, at ECF p. 154 ("Between 2005 and 2007,

1

JPMorgan purchased loans for the purpose of packaging and selling residential mortgage-backed securities.").

Second, discovery is limited to (a) the defendant directors' RMBS-related California contacts and (b) information that may show JPMorgan's RMBS business targeted California in 2005, 2006, and 2007. For this reason, interrogatories and requests for production tied to the 2013 settlement, the published statement of facts, and the defendant directors' post-2007 discussions with regulators related to that settlement are overbroad at this time. Similarly, interrogatories and requests specific to Alayne Fleischmann are redundant; for example, if she communicated (directly or indirectly) with the director defendants in the relevant time period and these communications were related to JPMorgan's RMBS business in California, the requests and interrogatories being allowed will elicit this information.

Third, the discovery plan approved here adopts the parties' apparent agreement to exclude for now any searches of the director defendants' personal email and searches performed by third parties. *See* Joint Report Ex. A, at 3 ("Plaintiff offered a two-stage, staggered production, whereby emails in the possession of JPMorgan would be produced first, with both sides reserving their rights to perform a second search from the Director Defendants' personal accounts depending on the initial production."); *id.* Ex. B, at 3 n.1 ("Since JPMorgan's production of documents should capture the material that went to the Director Defendants . . . , the Defendants' discovery plan declines to search emails held by the corporations and nonprofits where independent Director Defendants may have worked (and used the email systems) in the relevant time period, 2005-2007.").

Fourth, to avoid unduly broadening the scope of discovery at this stage, the court declines to approve several of plaintiffs' proposed requests for production of documents from JPMorgan. *See* proposed requests numbers 5–9, *id.* Ex. A, Attachment 2, at 2–3. Although these requests may elicit documents detailing JPMorgan's RMBS business in California from 2005 to 2007, discovery must be restricted to tracing the directors' contacts to that business.

/////

/////

Specifically, the court approves the following:

<u>Definitions</u>

(1) A "relevant time period" from January 1, 2005 until December 31, 2007;

(2) The plaintiffs' proposed definitions of "you" or "your," "JPMorgan," "RMBS," and "Individual Defendants," *see, e.g.,* Joint Report Ex. A, Attachment 1, at 1, ECF No 91-1;

(3) The defendants' proposed definitions of "Board" and "Audit Committee," *see id.* Ex. B, at 4, ECF No. 91-2;

<u>Interrogatories</u>

(4) The plaintiffs' proposed special interrogatories to the individual defendants numbers 2, 3, and 5, *see id.* Ex. A, Attachment 3, at 2;

(5) The defendants' proposed special interrogatory to the individual defendants number 1, *see id.* Ex. B, at 4;

(6) The plaintiffs' proposed special interrogatories to JPMorgan numbers 2, 4, 5, 6, 7, and 8, and number 1 after striking the words "the SETTLEMENTS or," *see id.* Ex. A, Attachment 4, at 2–3;

(7) The defendants' proposed special interrogatory to JPMorgan, *see id.* Ex. B, at 5;

<u>Documents</u>

(8) The plaintiffs' requests for production of documents from the individual defendants numbers 6 and 7 as proposed, and numbers 1, 2, and 3 after striking from each request the words "or the SETTLEMENTS," *see id.* Ex. A, Attachment 1, at 2–3;

(9) The defendants' proposed requests for production of documents from the individual defendants numbers 1 and 3, *see id.* Ex. B, at 5;

(10) The plaintiffs' proposed requests for production to JPMorgan numbers 1, 2, and 3, after striking from each request the words "or the SETTLEMENTS," *see id.* Ex. A, Attachment 2, at 2; and

3

<u>Deposition</u>

(11)   As previously ordered, the parties may conduct the deposition of Anthony Horan.

\*   \*   \*

The parties shall complete the discovery plan approved in this order within 90 days. By the same date, the parties shall resolve any related discovery disputes according to this District's local rules. The plaintiffs shall file an amended complaint within 120 days. Requests for modification of this schedule will be granted only after a showing of good cause.

IT IS SO ORDERED.

DATED: May 4, 2015.

_____
UNITED STATES DISTRICT JUDGE