UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re JPMORGAN CHASE DERIVATIVE LITIGATION, | No. 2:13-cv-2414-KJM-EFB<br><br>ORDER |

This matter was before the court on September 2, 2015, for hearing on plaintiffs' motion to compel responses to jurisdictional discovery from defendants William Harrison, Jr., James Dimon, and nominal defendant JPMorgan Chase & Co. ("JPMorgan") and request to file documents under seal.[1]  ECF Nos. 96, 97.  For the reasons stated on the record and as set forth below, plaintiffs' request to file documents under seal is denied,[2] and plaintiffs' motion to compel is granted.

I.   Background

This derivative shareholder action was brought by several shareholders against current and former directors of JPMorgan Chase & Co. and nominal defendant JPMorgan.  Plaintiffs' consolidated complaint alleged that the defendant directors breached their fiduciary duties owed

---

[1] This case is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(1).  *See* 28 U.S.C. § 636(b)(1).

[2] Accordingly, the court did not consider the documents submitted *in camera* in relation to the motion to seal in deciding the merits of the motion to compel.

1

1 to JPMorgan and that certain defendants violated section 14(a) of the Securities and Exchange
2 Act by making false or misleading representations in proxy statements.  ECF No. 29.  Defendants
3 moved to dismiss the complaint for lack of personal jurisdiction, improper venue, and failure to
4 state a claim.  ECF No. 48.  That motion was granted on the grounds that the court lacked
5 personal jurisdiction over the defendants, and the complaint was dismissed with leave to amend.
6 ECF No. 69.  The order observed that plaintiffs may be able to cure the jurisdictional deficiencies
7 in the complaint if given an opportunity to conduct limited discovery.  *Id*. at 37-38.  Thus,
8 plaintiffs were notified that if they wished to seek jurisdictional discovery prior to filing an
9 amended complaint, they must file a proposed discovery plan and set their request for hearing on
10 the court's law and motion calendar.  *Id*. at 38.

11 Plaintiffs accepted the court's invitation and requested leave to conduct jurisdictional
12 discovery.  ECF No. 74.  After considering the parties' separate proposed discovery plans, the
13 court issued a discovery plan outlining the parameters for jurisdictional discovery in this action.
14 ECF No. 92.  The plan approved certain discovery requests and definitions for terms proposed by
15 the parties, while disapproving other proposals.  *Id*. at 3-4.  Further, the plan limited discovery to
16 (1) the time period between 2005 and 2007; (2) the defendant directors' RMBS-related California
17 contacts; and (3) information that may show JPMorgan's RMBS business targeted California.  *Id*.
18 at 1-2.

19 Notwithstanding the guidance provided by the court in its discovery plan, a dispute has
20 arisen among the parties as to the scope of permitted discovery and the instant motion to compel
21 followed.  *See* ECF No. 96.  Having reviewed the parties' joint statement (ECF No. 100), and
22 considering the arguments presented at the hearing, the court grants plaintiffs' motion to compel.
23 II.     Motion to Compel
24 The instant discovery dispute concerns discovery requests plaintiffs served on defendants
25 William Harrison, Jr., James Dimon, and JPMorgan (hereinafter "defendants").  Specifically, the
26 motion concerns two requests for production of documents served on JPMorgan and four requests
27 for production served on individual defendants James Dimon and William Harrison, Jr.  Joint
28 /////

Statement, Ex. A (ECF No. 100-1). The requests for production served on JPMorgan sought the following documents:

1. All communications, including emails and texts, involving any of the INDIVIDUAL DEFENDANTS concerning JPMORGAN RMBS marketed or sold in California.

2. All documents concerning or reflecting any INDIVIDUAL DEFENDANTS' involvement in, reports received, notification about, or communications about JPMORGAN'S RMBS marketed or sold in California.

ECF No. 100-1 at 1-3.

The requests served on the individual defendants sought the production of the following documents:

1. All communications, including emails and texts, concerning JPMORGAN RMBS marketed or sold in California.

2. All documents concerning any meeting or communication involving any member of JPMORGAN's Board or Board Committee concerning JPMORGAN RMBS marketed or sold in California.

3. All documents concerning or reflecting YOUR involvement in, reports received, notification about, or communications about JPMORGAN'S RMBS marketed or sold in California.

4. ALL documents concerning any meeting or communication with any person or entity that assisted JPMORGAN in the evaluation, appraisal, underwriting, origination, packaging, marketing, sale or issuance of RMBS marketed or sold in California.

*Id*. at 5-8.

As defendants note, the primary dispute concerns the application of the term "RMBS," which plaintiffs defined to mean "any residential mortgage-backed securities that JPMorgan evaluated, originated, packaged, marketed, sold or issued in California between 2005 and 2008." *See* ECF No. 100-1 at 3.

Defendants objected to plaintiffs' definition of "RMBS," arguing that the term is "overbroad, unduly burdensome, oppressive, ambiguous, and vague, including to the extent that it may be interpreted to encompass RMBS that JPMORGAN 'evaluated' but which were never packaged and sold as RMBS." *Id*. at 3-7. Significantly, they also objected to this term "as ambiguous and confusing when it refers to 'any residential mortgage-backed securities' that

JPMORGAN 'marketed [or]sold . . . in California' because to the extent JPMORGAN 'marketed' or 'sold' residential mortgage-backed securities, it did so broadly to investors located in numerous jurisdictions."[3] *Id*.

Although defendants phrase their position differently, they essentially contend that based on the order limiting discovery to "the defendant directors' RMBS-related California contacts" and "information that may show JPMorgan's RMBS business targeted California," they need only produce documents relating to residential mortgage-backed securities that JPMorgan specifically marketed or sold *only* in California. ECF No. 100 at 14. With that narrowed definition, defendants apparently did not produce, or even search for, documents that would fall under the ambit of plaintiffs' definition for "RMBS." Defendants redefining the scope of documents requested is unwarranted. Nothing in the order permitting jurisdictional discovery suggests such exclusivity as to California.

The order permitting leave to amend was plainly intended to provide plaintiffs an opportunity to cure the deficiencies as to jurisdiction. It is also clear that discovery would be permitted to allow plaintiffs access to the evidence needed to establish the extent of RMBS-related contacts with California and show, if possible, that those contacts could support specific personal jurisdiction. The scope of the discovery was thus informed by the evidence necessary to establish the nature and extent of those contacts, regardless of whether the securities were also offered in other locations. Indeed, the discovery plan approved by the district judge specifically approved the very discovery requests at issue here.[4] ECF No. 92 at 3, ¶ 10. It also specifically approved plaintiffs' definition of "RMBS," which was not limited to securities marketed and/or sold *only* in California. Instead, the approved definition included any residential mortgage-backed securities that JPMORGAN evaluated, originated, packaged, marketed, sold or issued in California. This definition includes documents not only related to securities sold in California,

---

[3] Defendants also contend that the definition is improper to the extent it seeks documents from 2008. This objection is not material to the instant motion as plaintiffs do not dispute that discovery is limited to 2005-2007.

[4] The court did, however, limit the requests to documents concerning the years 2005-2007.

4

but also those related to residential-mortgaged backed securities that originated or were evaluated, packaged, or issued in California, even if such RMBS were eventually sold elsewhere.  As the requests at issue, as well as plaintiffs' definition for the term "RMBS," were already considered and approved by the court, defendants' objections are improper and accordingly overruled.

Contrary to defendants' contention, plaintiffs' definition for "RMBS" is consistent with the court's order limiting discovery to "the defendant directors' RMBS-related California contacts" and "information that may show JPMorgan's RMBS business targeted California." This language focuses on the defendants' contacts that targeted the forum.  Such contacts would include purchasing mortgages that originated in California for the sale of mortgaged-backed securities that were sold in other states or countries, or the evaluation, packaging or issuance of mortgaged-backed securities in California, even if the securities were sold elsewhere.  Although defendants argue that the production of this broader defined scope of documents will not support plaintiffs' jurisdictional arguments, regardless of which way the evidence cuts, it is relevant evidence to which plaintiffs are entitled.  These types of contacts with the forum state are clearly relevant to the specific personal jurisdiction inquiry.  *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004) (specific personal jurisdiction exists where the defendant purposefully directed its activities to the forum or purposefully availed itself of that form, the claims arise out of the defendant's forum related activities, and the exercise of jurisdiction is reasonable).  Accordingly, defendants shall respond to plaintiffs' discovery requests as drafted and approved by the court's discovery plan.

III.  Conclusion

Accordingly, it is hereby ORDERED that:

1. Plaintiffs' request to seal documents (ECF No. 97) is denied;
2. Plaintiffs' motion to compel (ECF No. 96) is granted; and

/////

/////

/////

/////

5

1      3.  Defendants James Dimon, William Harrison, and JPMorgan shall produce all
2 responsive documents within 45 days of the date of this order.
3 DATED:  September 21, 2015.

*[signature]*
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE